[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11407
Non-Argument Calendar

_____

Agency Nos. A95-227-661
A95-227-716

JAVIER JESUS BARRIOS,
ASTRID DE MARIA LINDADO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 26, 2006)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Javier Jesus Barrios and his wife, Astrid de Maria Lindado, who are natives

and citizens of Colombia, seek review of the final order of the Board of

Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ's") order denying their application for asylum.[1] On appeal, Petitioners argue the IJ erred by denying asylum after finding that Barrios, the lead petitioner, had not established past persecution or a well-founded fear of persecution by the Columbian Armed Forces ("FARC") based on his membership in the Liberal Party ("LP") and his position as the Campaign Director for an LP candidate running in the October 2000 local elections in Barranquilla, Colombia. After careful review, we deny the petition for review.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA adopted the IJ's opinion, and also made additional findings with respect to Barrios's ability to relocate in Colombia. "To the extent that the BIA's decision was based on a legal determination, [our] review is de novo." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). The BIA's "findings of fact are reviewed under the substantial evidence test," and we must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Antipova v. U.S. Att'y Gen., 392 F.3d 1259, 1261 (11th Cir. 2004) (quotation omitted). Under this highly

[1] Because we find that Petitioners have not established a case for asylum under the INA, we do not consider whether they satisfied the higher standard for withholding of removal. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

2

deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to conclude that the requisite fear of persecution exists. <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 n.1 (1992).

An alien who arrives in or is present in the United States may apply for asylum. <u>See</u> INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." <u>See</u> INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. <u>See</u> <u>Al Najjar v. Ashcroft</u>, 257 F.3d 1262, 1284 (11th Cir. 2001); 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his or her statutorily listed factor will cause future persecution. <u>Al Najjar</u>, 257 F.3d at 1287; 8 C.F.R. § 208.13(a), (b). "To establish asylum based on  past persecution, the applicant must prove (1) that [ ]he was persecuted, and (2) that the persecution was on account of a protected ground." <u>Silva v. U.S. Att'y Gen.</u>, 448 F.3d 1229, 1236 (11th Cir. 2006) (citations omitted).

3

"To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground." Id. (citations omitted). Assuming the applicant is able to establish a well-founded fear of persecution, he must then show that the persecution cannot be avoided by relocating in the subject country. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005); 8 C.F.R. § 208.13(b)(2)(ii).

The statutes governing asylum protect not only against persecution by government forces, but also against persecution by non-governmental groups that the government cannot control, such as the FARC. See Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 437 (11th Cir. 2004). However, "[p]ersecution on account of . . . political opinion . . . is persecution on account of the victim's political opinion, not the persecutor's." Id. at 437-38 (quoting Elias-Zacarias, 502 U.S. at 482 (emphasis in original)). "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation [.]" Sepulveda, 401 F.3d at 1231 (internal quotations and citation omitted). There must be "specific, detailed facts showing a good reason to fear that [the petitioner] will be singled out for persecution on account of [his political] opinion." Al Najjar, 257 F.3d at 1287. Moreover, we have held that "evidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows

4

that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247 1257-58 (11th Cir. 2006); Sepulveda, 401 F.3d at 1231 (holding that "a few isolated incidents of verbal harassment or intimidation" were insufficient to establish past persecution).

Here, substantial evidence supports the IJ's and BIA's decisions that Petitioners failed to meet their burden of proof for asylum based on either past persecution or a well-founded fear of future persecution. The IJ found Barrios's testimony credible, but concluded that what Barrios described did not rise to the level of persecution:

> The respondent acknowledged that he was stressed-out by the threats, the being followed by a car, and then being approached by individuals. But he was not physically harmed there in any way, nor . . . was there testimony presented that respondent suffered any severe restrictions on life or liberty, even though he testified that [during] the last two months and a half in Colombia, he kept a low profile. But there was nothing to indicate that he was precluded from earning a livelihood. Indeed, the testimony is to the contrary, since he acknowledge[d] that he was able to continue in his construction firm until the time he left Colombia. Nor is there any evidence that respondent has suffered any severe psychological trauma.

Although there is some evidence that Barrios was the target of harassment and intimidation, such evidence does not compel a finding of persecution under the first prong of the petitioner's burden to show past persecution. Cf. Sanchez, 392 F.3d at 438 (finding that petitioner's claim, based on harassment by FARC

5

guerillas and petitioner's failure to cooperate with the guerrillas or to join their forces, did not establish persecution for purposes of withholding of removal under INA).

Under our precedent, the incidents Barrios has identified in support of asylum simply do not rise to the level of, or compel a finding of, persecution for purposes of establishing "refugee" status based on past persecution. Cf. Silva, 448 F.3d at 1237-38; Sepulveda, 401 F.3d at 1231. In short, the record, viewed in the light most favorable to the IJ's conclusions, does not compel the conclusion that Barrios established persecution -- the first prong of his burden to establish "past persecution" -- and thus he was not entitled to asylum based on past persecution.

As Barrios has not established past persecution, he is not entitled to a presumption of a well-founded fear of future persecution. Substantial evidence supports the IJ's conclusion that Barrios does not have a well-founded fear of future persecution because (1) he was never physically harmed in Colombia; (2) he returned to Colombia after he spent a short time in Panama, during which he did not apply for asylum there; (3) he was not harmed when he returned to Colombia and was able to avoid further harassment by keeping a low profile; and (4) Dr. Reynaldo Benito Perez Sanchez, the candidate for whom Barrios was campaigning in the October 2000 local elections, continues to reside safely in

Colombia.[2] Simply put, the record does not compel the conclusion that Barrios, six years after the October 2000 elections for which he campaigned, would be a target of the FARC residing either in Barranquilla, or elsewhere in Colombia. Because Barrios did not present "specific, detailed facts showing a good reason to fear that he . . . will be singled out for persecution," Sepulveda, 401 F.3d at 1231 (quotation omitted), we are not compelled to conclude that he has established a case for asylum based on a well-founded fear of future persecution by the FARC.

Petitioners have failed to establish that the record compels a finding that the FARC persecuted them based on political opinion, or that they have a well-founded fear of future persecution by the FARC. Accordingly, we deny the petition for review.

**PETITION DENIED.**

---

[2] As an additional basis for denying asylum, the BIA found the Petitioners could safely relocate in Colombia. Because Petitioners failed to meet their initial burden to establish past persecution, the burden never shifted to the government to show internal relocation was reasonable. Cf. Arboleda v. U.S. Atty. Gen'l, 434 F.3d 1220 (11th Cir. 2006) (per curiam) (where government conceded, and the BIA presumed, past persecution, the burden was on the government to show that internal relocation was reasonable; after examining the 1999 and 2000 Country Reports for Colombia, holding that the FARC operates on a country-wide basis in Colombia, and that the government had failed to show that relocation was a viable option). Here, unlike in Arboleda, Petitioners failed to carry their burden to show past persecution.